UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
TREAD MAINES,

       *Plaintiff,*                                        17 CV 5453

       *v.*

                                                           **COMPLAINT**

LAST CHANCE FUNDING INC., *d/b/a* THE LCF GROUP,

       *Defendant.*
------------------------------------------------------------------------×

       Plaintiff Tread Maines, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Last Chance Funding Inc., d/b/a The LCF Group, as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff Tread Maines seeks damages and costs against Defendant Last Chance Funding Inc., d/b/a The LCF Group (LCF), for retaliating against him for his complaints about race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 *et seq*.

       2.    Plaintiff also seeks damages and costs against Defendant for retaliating against him for his complaints about age discrimination, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*, and the NYSHRL.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

       3.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under Title VII and the ADEA.

       4.    Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYSHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

1

5. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

    a. Mr. Maines is a citizen of the State of Georgia, as he is domiciled in the State of Georgia.

    b. Upon information and belief, LCF is a citizen of the State of New York, as it is a corporation organized under the laws of the State of New York with its principal place of business located in the State of New York.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

7. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Right-to-Sue letter dated June 29, 2017, relating to the discriminatory acts described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

8. Plaintiff respectfully requests a trial before a jury.

## PARTIES

9. Mr. Maines, at all times relevant hereto, was and is a resident of Cobb County in the State of Georgia.

10. Upon information and belief, at all times relevant hereto, LCF was and is a corporation organized under the laws of the State of New York with its principal place of

business located at 411 Hempstead Turnpike, Suite 101, West Hempstead, New York 11552 in Nassau County.

11. LCF is a merchant cash advance company, a type of small business financing firm whose loan options are characterized by short payment terms and small regular payments, which specializes in funding high-risk and hard-to-fund businesses.

## STATEMENT OF FACTS

12. Mr. Maines is a 53-year-old African-American man.

13. Mr. Maines has several decades of experience in collections, risk management, and the merchant cash advance industry.

14. On or about February 1, 2017, LCF hired Mr. Maines, who resides in Georgia, to work remotely as its Director of Risk and Collections.

15. Throughout his employment at LCF, Mr. Maines was subjected to discrimination based on his age and race.

16. Mr. Maines was one of only two African-American employees over the age of 40 during his employment at LCF—the other of whom (Bernette Bailey-Marsh, LCF's former Controller) was terminated during Mr. Maines's employment and replaced by Lauren Immoor, a younger white employee.

17. Andrew Parker (CEO), Ms. Immoor (Accountant, promoted to Controller after Ms. Bailey-Marsh's termination), and Kristen Van Wie (Director of Operations) treated Mr. Maines less well than white and younger employees.

18. For example, Mr. Parker made derogatory comments about Mr. Maines's age, such as calling him "old and dumb."

19. Ms. Van Wie reprimanded Mr. Maines for fabricated performance "deficiencies," such as failing to make over 100 calls in a single day, even though Mr. Maines had never been informed of any such expectation and, as Ms. Van Wie did not supervise Mr. Maines, she had no authority to reprimand him.

20. Ms. Immoor baselessly denied Mr. Maines access to information he needed to complete his job responsibilities, impairing his ability to perform his job responsibilities.

21. In and around late March 2017, Mr. Maines learned that his sister-in-law had died, and he emailed Mr. Parker to inform him that there had been a death in his family and to inquire about LCF's bereavement leave policy.

22. Shortly after Mr. Maines submitted this request, on or about March 30, 2017, Ms. Van Wie sent Mr. Maines an email, informing him that LCF was demoting him from Director of Collections and replacing him with Ms. Immoor, on the grounds that LCF was "not happy with the current state of affairs."

23. Mr. Maines then complained via email to Mr. Parker, Ms. Van Wie, and Ms. Immoor that LCF had harassed him and created a hostile work environment based on his age and race.

24. Mr. Parker refused to address Mr. Maines's complaints and insisted, "No one has harassed you," stating that LCF had not subjected Mr. Maines to "anything even remotely close to a hostile environment or any sort of harassment."

25. Mr. Parker then claimed that Mr. Maines's complaints of discrimination somehow constituted Mr. Maines's resignation, stating, "It is obvious by this email that you no longer wish to work for LCF and are resigning."

26. When Mr. Maines clarified that he was not resigning, but wanted to address the issues of discrimination that he had raised, Mr. Parker terminated Mr. Maines's employment explicitly because of his complaints, stating, "Regardless, if you are not resigning then you are fired. I cannot have an employee working here who feels the way you do as evident in your below emails, baseless claims made with no merit."

27. As such, LCF terminated Mr. Maines's employment in retaliation for his complaints about race and age discrimination, in violation of Title VII, the ADEA, and the NYSHRL.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Retaliation in Violation of Title VII**

28. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 27 with the same force as though separately alleged herein.

29. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity under Title VII.

30. Plaintiff engaged in protected activity under Title VII when he properly complained to Defendant about race discrimination unlawful under Title VII.

31. Defendant retaliated against Plaintiff by terminating his employment.

32. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### SECOND CAUSE OF ACTION
**Retaliation in Violation of the ADEA**

33. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 32 with the same force as though separately alleged herein.

34. The ADEA prohibits an employer from retaliating against an employee for engaging in protected activity under the ADEA.

35. Plaintiff engaged in protected activity under the ADEA when he properly complained to Defendant about age discrimination unlawful under the ADEA.

36. Defendant retaliated against Plaintiff by terminating his employment.

37. As such, Defendant has violated the ADEA.

38. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force as though separately alleged herein.

40. The NYSHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYSHRL.

41. Plaintiff engaged in protected activity under the NYSHRL when he properly complained to Defendant about race and age discrimination unlawful under the NYSHRL.

42. Defendant retaliated against Plaintiff by terminating his employment.

43. As such, Defendant has violated the NYSHRL.

44. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial; and

D. For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         September 18, 2017

By:   s/ Walker G. Harman, Jr.
      Walker G. Harman, Jr. [WH-8044]
      Owen H. Laird [OL-6994]
      THE HARMAN FIRM, LLP
      220 Fifth Avenue, Suite 900
      New York, NY 10001
      (212) 425-2600
      wharman@theharmanfirm.com
      olaird@theharmanfirm.com

      *Attorneys for Plaintiff*