UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TREAD MAINES and BERNETTE BAILEY-
MARSH,

                Plaintiffs,

           -against-

LAST CHANCE FUNDING, INC. D/B/A THE
LCF GROUP and ANDREW PARKER,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-05453 (ADS)(ARL)

FILED
CLERK

9/25/2018 1:45 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**The Harman Firm, LLP**
*Counsel for the Plaintiffs*
220 Fifth Avenue, Suite 900
New York, NY 10001
        By:    Edgar Mikel Rivera. Esq.
                 Owen Huntting Laird, Esq.
                 Walker G. Harman, Jr., Esq., Of Counsel.


**Milman Labuda Law Group PLLC**
*Counsel for the Defendants*
3000 Marcus Avenue
Lake Success, NY 11042
        By:    Brett Walker Joseph, Esq.
                 Jamie Scott Felsen, Esq., Of Counsel.

**SPATT, District Judge**:

      Presently before the Court is the Defendants' Letter Requesting Clarification of the Court's

September 21, 2018 Memorandum of Decision and Order regarding the Motion to Dismiss and

Motion to Amend. ECF 51, 54. Specifically, the Defendants seek clarification from the Court as

to whether any of the Plaintiffs' claims may proceed against proposed defendants Lauren Immoor

("Immoor") and Kristen Van Wie ("Van Wie") in their individual capacity. ECF 54. For the following reasons, the Court grants the Plaintiffs' motion to amend in this regard.

## I. DISCUSSION

### A. NYSHRL

The NYSHRL provides for the imposition of liability on individual defendants under two of its provisions: §§ 296(1) and 296(6). "Individual liability under § 296(1) . . . is limited to individuals with ownership interest or supervisors, who themselves have the authority to hire and fire employees." *Craddock v. Little Flower Children & Family Servs. of New York*, No. 12-CV-5062(JS)(GRB), 2016 WL 755631, at *14 (E.D.N.Y. Feb. 25, 2016) (quoting *Hubbard v. No Parking Today, Inc.*, No. 08-CV-7228, 2010 WL 3835034, at *10 (S.D.N.Y. Sept. 22, 2010)). Section 296(6) of the NYSHRL attaches individual liability to "aiding and abetting" § 296(1)(a) violations." *Id.* (quoting N.Y. Exec. Law § 296(6)). The Second Circuit has construed Section 296(6) to extend to a co-worker who "'actually participate[] in the conduct giving rise to a discrimination claim' . . . even though that co-worker lacked the authority to either hire or fire the plaintiff." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir.1995)).

The PSAC contains facts creating a reasonable inference that Immoor and Van Wie satisfy both prongs. With regards to 296(1), the PSAC alleges that Immoor and Van Wie were involved in the promotion, demotion, hiring, and firing of individuals. *See* PSAC ¶¶ 45 ("Van Wie sent Mr. Maines an email, informing him that LCF was demoting him from Director of Collections and replacing him with Ms. Immoor"), 100 ("Mr. Parker utilized another young white female employee, Ms. Van Wie (age 24), and Ms. Immoor to baselessly scrutinize on Ms. Bailey-Marsh's timesheet to terminate her."), 111-15 (alleging Immoor's involvement in the process of hiring

2

potential candidates). Further, the PSAC, and the underlying e-mails referenced by the PSAC, specifically mention Immoor and Van Wie as individuals involved in the termination of Maines. *Id.* ¶ 47; ECF 43, Ex. E. As for 296(6), the PSAC alleges that Immoor made some of the discriminatory remarks underlying the surviving hostile work environment and wrongful termination claims, *id.* ¶¶ 111-15, and that Van Wie was Director of Operations, and involved in personnel decisions which's unequal application underlie the hostile work environment claims, *id.* ¶¶ 38, 40, 60, 100. Therefore, the PSAC creates a plausible inference that Immoor and Van Wie were supervisors with the authority to fire or hire, and that they actually participated in the relevant discrimination.

*Craddock v. Little Flower Children & Family Servs. of New York*, No. 12-CV-5062(JS)(GRB), 2016 WL 755631 (E.D.N.Y. Feb. 25, 2016) does not support otherwise. It merely found that individual liability cannot attach unless a plaintiff establishes actionable employer discrimination. *Id.* at *14. The claims against Immoor and Van Wie survive to the same extent they survived against LCF.

The Court reiterates that it is not weighing the evidence in support of the various causes of action at this time. It may be the case that Immoor and Van Wie did not, in fact, possess the necessary authority or participate in the acts necessary to establish individual liability under the NYSHRL. For now, however, it is sufficient that the PSAC contains facts which, taken as true and drawing all reasonable inferences in the Plaintiffs' favor, support a claim for individual liability.

Therefore, the Court finds that the individual claims against Immoor and Van Wie under the NYSHRL would survive a motion to dismiss.

## B. SECTION 1981

As for the Section 1981 claims, the Plaintiffs "must demonstrate some affirmative link to causally connect the actor with the discriminatory action" for liability to attach to an individual defendant. *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir.2004) (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir.2000)). Specifically, they must plead enough specific facts that affirmatively link the actions of Immoor and Van Wie to the racial discrimination alleged. *Buckley v. New York*, 959 F. Supp. 2d 282, 295 (E.D.N.Y. 2013).

As explained above, the PSAC contains allegations affirmatively linking Van Wie and Immoor to the decisions underlying the wrongful termination claims and the conduct underlying the hostile work environment claims. This case, therefore, is unlike *Buckley*, where the complaint failed to identify the plaintiff's race, and failed to provide any examples where an individual defendant discriminated against the plaintiff on the basis of race. *Id.*

Therefore, the Court finds that the claims for individual liability under Section 1981 would survive a motion to dismiss.

## II. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiffs' motion to amend to include individual claims against Immoor and Van Wie.

**SO ORDERED**.

Dated: Central Islip, New York

September 25, 2018

/s/Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge